## HILL v. JERSEY SHORE STATE BANK.
### Civ. A. No. 3382.

United States District Court
M. D. Pennsylvania.

Dec. 9, 1949.

Malcolm Muir, Williamsport, Pa., for the plaintiff.

Carpenter & Carpenter, Jersey Shore, Pa., for the defendant.

FOLLMER, District Judge.

This is an action by a Trustee in Bankruptcy to recover a preference. The cause having been tried to the Court without the intervention of a jury, and the Court having heard and considered the evidence bearing upon the issues presented, finds the facts specially, and separately states conclusions of law thereon as follows:

### Findings of Fact

1. Plaintiff is Trustee in Bankruptcy of United Associates, Inc., a corporation having its principal office at Jersey Shore, Pennsylvania, and which was adjudicated a bankrupt on November 22, 1948.

2. Defendant, a banking institution, is a Pennsylvania corporation, having its principal office at Jersey Shore, Pennsylvania.

3. On October 25, 1948, the bankrupt deposited with defendant in a checking account the sum of $15,000.00.

4. At the time of the deposit defendant was the holder and owner of two notes of the depositor (later bankrupt), one for $2,580.00 and the other for $5,800.00.

5. On October 27, 1948, defendant charged the said two notes, and the accrued interest thereon, amounting to $8,441.45, against the checking account of the said depositor.

6. The $2,580.00 note was dated September 13, 1948, payable thirty days after date, and accordingly overdue when charged against the bank account. This note was a renewal of a prior obligation and was secured by a chattel mortgage dated September 24, 1946, mortgaging a Byers Bearcat Shovel, which mortgage was duly filed in the Prothonotary's Office of Lycoming County, Pennsylvania.

7. The $5,800.00 note was dated September 13, 1948, payable thirty days after date, and accordingly overdue when charged against the bank account. This note was a renewal of a prior obligation and was secured by a chattel mortgage dated September 26, 1948, mortgaging an International Tractor, which mortgage was duly filed in the Prothonotary's office of Lycoming County, Pennsylvania.

8. When the notes matured on October 13, 1948, neither note was paid or renewed and, within a week of the maturity date, Mr. Wolf, Executive Vice-President of the defendant Bank, called at the office of United Associates and there conferred with its President, Vice-President and General Manager, relative to the matter of payment and renewal of the notes. Wolf left this meeting with the understanding that United Associates had a considerable amount of money coming in and when this money came in the smaller note would be paid off and a payment would be made on the larger note.

9. On October 23, 1948, the sum of $5,000.00 was transferred from the account

of Wiseacre Tractor Company, a subsidiary of United Associates, to the United Associates checking account in defendant Bank, and on October 25, 1948, the sum of $15,000.00 was likewise transferred from Wiseacre Tractor Company account to the United Associates checking account aforesaid.

10. After the close of business at 3:00 o'clock P.M. on October 25, 1948, the Executive Committee of defendant Bank met, at which time Wolf reported that the $2,580.00 note of United Associates would be paid off and a payment would be made on the $5,800.00 note and the latter would be renewed, that the same would be taken care of at a meeting with the officers of United Associates after the meeting of the Bank's Executive Committee.

11. Later that same afternoon, Wolf met with the officers of United Associates, at which time he stated that in accordance with the understanding at the prior meeting, the Bank expected the smaller note to be paid and a payment made on the larger and under those conditions the Bank would renew the larger note, to which the officers of United Associates objected. The meeting resulted in a stalemate and the officers of United Associates stated that they would advise the Bank the next day what they would do about the notes.

12. On October 26, 1948, at about 3:00 o'clock P.M., Johnson, the General Manager of United Associates, called at the Bank and stated to Wolf that they would pay $500.00 a week thereon until the notes were paid, that that was all they could pay. Wolf refused to accept the proposition.

13. Subsequent to the last conference with Johnson, Wolf reported to the Executive Committee, at which time he was directed to charge the notes against the company's checking account, which was done on October 27, 1948.

14. On October 26, 1948, United Associates presented to Thomas, Cashier of defendant Bank, a memorandum requesting the Bank, until further notice, to pay only the checks listed thereon from its checking account. It was advised by the Bank that if it did not wish to have certain outstanding checks paid, it must furnish written stop payment orders to the Bank. On that same date, October 26, 1948, a number of stop payment orders were signed by the General Manager and left with the Bank.

15. The Bank immediately notified United Associates, both by telephone and letter, that said notes had been charged against its account.

16. The deposit of $15,000.00 was in the normal course of business and there was no special understanding or agreement in relation thereto prior thereto or at the time of the deposit between any of the officers of the Bank and any of the officers of United Associates.

17. The checking account of United Associates in defendant Bank was overdrawn twice between August 1, 1948, and October 24, 1948, and the balance of said account at no time between said dates was sufficient to pay the defendant Bank the sum due it.

18. During the several months preceding October 25, 1948, at least twelve checks of United Associates were dishonored by the Bank for insufficient funds.

19. On October 27, 1948, the day the defendant Bank charged the checking account of United Associates with the two notes of United Associates, a check of United Associates in the amount of $4,452.13, payable to Equipment Finance Company of Lancaster, was presented for payment and refused by the Bank; the account, after payment of the two notes of the Bank, being insufficient to pay the same.

Conclusions of Law

1. The $15,000.00 deposit in the United Associates, Inc. account was a general deposit, made in the ordinary course of business and subject to the unlimited right of withdrawal of the depositor.

2. The $15,000.00 deposit by United Associates, Inc. was received by Jersey Shore State Bank in the ordinary course of business and in good faith and not with the purpose and intention of appropriating $8,441.45 to the payment of the said depositor's notes.

3. At the time the notes were charged against the United Associates, Inc. account, Jersey Shore State Bank had a right of setoff.

4. The act of Jersey Shore State Bank in taking over the deposit of the said bankrupt and setting it off against its debt to the Bank during the four months preceding its adjudication in bankruptcy, under the facts herein, was not a preferential transfer. Joseph F. Hughes & Co. v. Machen, 4 Cir., 164 F.2d 983.

Judgment will be entered for the defendant. It is so ordered.